[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 16, 2010
JOHN LEY
CLERK

_____

No. 09-14507
Non-Argument Calendar

_____

D. C. Docket No. 09-00173-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO ZAVALA NUNEZ,
a.k.a. Umberto Zavala-Nunez,
a.k.a. Rogelio Hernandez-Camacho,
a.k.a. Rogelio Camacho-Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 16, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Humberto Zavala Nunez appeals his 41-month sentence on the ground that it is substantively unreasonable. We disagree and affirm.

Zavala Nunez pleaded guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). In calculating the guideline range, the probation officer assigned a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level increase under § 2L1.2(b)(1)(a)(i), and a 3-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 21.[1] The probation officer determined Zavala Nunez's criminal history to be a category II based on a 1994 conviction for possession of heroin for sale. This yielded a guideline range of 41 to 51 months' imprisonment. The statutory maximum term was 20 years. *See* 8 U.S.C. § 1326(b)(2).

Zavala Nunez requested a sentence below the guideline range because his prior conviction occurred fifteen years earlier, he had no other convictions since then, he had a wife and children, he was employed and paid taxes, and he had cooperated with federal agents. The district court considered that Zavala Nunez had committed a drug crime involving a "very serious narcotic," was arrested, gave a false name, was convicted under that false name and ultimately deported, and that

---

[1] The probation officer listed a 2-level reduction under § 3E1.1(a). Upon a motion by the government, the court at sentencing applied a 3-level reduction under § 3E1.1(a) and (b), which resulted in a total adjusted offense level of 21.

he re-entered the United States using a green card he was no longer entitled to have. The court thus determined that a sentence below the guideline range was not warranted and imposed a sentence at the bottom of the guideline range. In doing so, the court cited the sentencing factors in 18 U.S.C. § 3553(a).[2] This appeal followed.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing sentences for reasonableness, we perform two steps. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "'ensure that the district court committed no significant procedural error." *Id.* If we conclude that the district court did not procedurally err, we then must consider the "'substantive reasonableness of the sentence imposed'" based on the "'totality of the circumstances.'" *Id.* (quoting *Gall*, 552 U.S. at 51). Our review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States*

_____

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

*v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). There is a "range of reasonable sentences from which the district court may choose," and the burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. *Id.* "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted).

Here, Zavala Nunez challenges only the substantive reasonableness of his sentence. Upon review, we conclude that Zavala Nunez's 41-month sentence is reasonable. The district court listened to the parties' arguments and gave consideration to the § 3553(a) factors. The court expressed concern over Zavala Nunez's criminal record and determined that a sentence below the guideline range would not serve the purposes of § 3553(a). The court did, however, sentence Zavala Nunez to the low end of the guideline range, which was well below the statutory maximum term of imprisonment. Zavala Nunez has not shown that this sentence is unreasonable. Accordingly, Zavala Nunez's sentence is

**AFFIRMED.**